IN UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HENRY CREQUE,

    Plaintiff,

v.

SIMPLE FREIGHT SOLUTIONS INC.,
a Florida profit corporation,

    Defendant.

Case No. 2:22-cv-771

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff HENRY CREQUE ("Plaintiff" or "Creque") sues Defendant SIMPLE FREIGHT SOLUTIONS INC. ("SFS") and states as follows:

### CAUSES OF ACTION

1. This is an action brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.§ 201, *et. seq.* (FLSA).

### PARTIES

2. Plaintiff is an individual who currently resides in Charlotte County, Florida.

3. Defendant Simple Freight Solutions, Inc. is a Florida profit corporation with its principal place of business located in Port Charlotte, Charlotte County, Florida.

## JURISDICTION AND VENUE

4. Subject matter Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 29 U.S.C. §216 (b) because this action involves a federal question under the Fair Labor Standards Act.

5. Personal jurisdiction and venue are proper in the United States District Court for the Middle District of Florida because at all times material, Defendant resided in and/or conducted business in, and significant events giving rise to Plaintiff's claims occurred within the Florida counties comprising the U.S. District Court, Middle District of Florida.

6. Venue is proper in the Ft. Myers Division the action accrued in Charlotte County, Florida over which the Fort Myers Division has jurisdiction.

## GENERAL ALLEGATIONS

7. Defendant Simple Freight Solutions, Inc. is in the business of international shipping and global trade.

8. Plaintiff was formerly employed by Defendant SFS in Logistics Support from February 14, 2022 to July 19, 2022.

9. Plaintiff was responsible for connecting shippers and movers with third parties.

10. At all times material hereto, Defendant SFS was "an enterprise engaged in commerce" and therefore is a covered employer subject to the wage and hour requirements of the FLSA including the payment of minimum wages and overtime compensation to non-exempt employees.

11. At all times relevant, Defendant SFS had annual gross revenues of at least $500,000.00.

12. At all times relevant, Defendant SFS employed two or more individuals who, in the course and scope of their employment, handled office supplies that were manufactured outside of Florida and moved through interstate commerce.

13. At all times relevant, Defendant SFS employed two or more individuals who routinely handled electronic equipment which was manufactured outside of Florida and moved through interstate commerce.

14. At all times material hereto, Plaintiff was an FLSA non-exempt employee of Defendant SFS.

15. Defendant SFS agreed to pay Plaintiff $17.50 per hour. Plaintiff received a raise in pay to $23.30 per hour on June 16, 2022.

16. Defendant SFS was required under the FLSA to pay Plaintiff one and one half (1½) times his effective hourly rate for each hour worked over 40 in a workweek.

17. Plaintiff was scheduled for a nine (9) hour workday which included eight hours of paid time and an unpaid hour for lunch.

18. However, Plaintiff routinely worked during the unpaid lunch hour, though he was never compensated for said time.

19. Plaintiff worked in excess of forty (40) hours per week, though he was not compensated for the overtime hours at one and one half times his regular hourly rate.

20. Defendant's failure to pay Plaintiff his earned overtime was largely attributed to its erroneous treatment of the prescribed unpaid lunch period, during which Plaintiff worked, as non-compensable time.

21. Plaintiff has had to retain the undersigned counsel to bring the instant action and will incur attorney's fees for said representation.

## COUNT I
### *(Failure to Pay Overtime Wages in violation of the FLSA, 29 U.S.C. Section 207)*

22. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations in paragraphs 1 through 21.

23. During the relevant time period, Plaintiff was a non-exempt employee under the FLSA and was therefore entitled to overtime pay at time and one-half his regular rate of pay for all hours worked in excess of forty (40) in a workweek.

24. During the relevant time period, Defendant routinely required Plaintiff to work in excess of forty (40) hours in a workweek

25. In violation of the FLSA, Defendant willfully failed to pay Plaintiff time and one-half his regular rate of pay for overtime hours worked.

26. As a direct result of Defendant's violation of the FLSA, Plaintiff has suffered damages in the way of unpaid overtime compensation.

27. Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

28.     Plaintiff is entitled to recover from Defendant the unpaid overtime compensation, and an additional equal amount as liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff demands judgment against Defendant for unpaid overtime compensation, statutory liquidated damages, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, a demand a trial by jury as to all issues triable as of right.

Dated this 5th day of December 2022.            Respectfully submitted,

*s/ R. Michael Pierro, Jr.*
R. MICHAEL PIERRO, JR.
Florida Bar No. 0013023
BRIAN K. CALCIANO
Florida Bar No. 108879
*Trial Counsel for Plaintiff*

**CALCIANO PIERRO, PLLC**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 201-2573
mike@flemploymentlaw.com
brian@flemploymentlaw.com